UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| AMANDA CRUZ,<br>  PLAINTIFF | §<br>§<br>§ | |
| V. | §<br>§<br>§ | CV: |
| BRAUM'S, INC.,<br>  DEFENDANT | §<br>§<br>§<br>§ | |

---

## DEFENDANT'S NOTICE OF REMOVAL

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

    **COMES NOW,** Braum's, Inc. (incorrectly named as W.H. Braum, Inc. d/b/a Braum's #266), the Defendant in the above-entitled and numbered cause, and files this its Notice of Removal and would respectfully show this Honorable Court as follows:

## I.

## INTRODUCTION

    1.    Plaintiff Amanda Cruz is a citizen of the State of Texas with her primary residence in Jefferson County, Texas. Defendant is Braum's, Inc. is a citizen of Oklahoma, with its principal place of business located in Oklahoma County, Oklahoma at 3000 N.E. 63rd Street, Oklahoma City, Oklahoma 73121.

    2.    On or about April 6, 2020, an action was commenced in the 114th Judicial District Court of Smith County, Texas in Cause No. 20-0761-B styled *Amanda Cruz v. W.H. Braum, Inc.d/b/a Braum's #266.* Defendant was served with a copy of Plaintiff's Original Petition on or about April 9, 2020. Defendant filed its Original Answer and General Denial on April 20, 2020

and Plaintiff was served with a copy of the Answer forthwith. This Notice of Removal is filed within thirty days of service of Plaintiff's Original Petition and is timely filed pursuant to 28 U.S.C. §1446(b).

3.      On June 20, 2018, Plaintiff contends she was an invitee on Defendant's premises located at 7101 S. Broadway, Tyler, Smith County, Texas.  Plaintiff contends she was in the area of the drink dispenser when she fell due to liquid on the floor.  Plaintiff asserts she sustained personal injuries and damages.  Plaintiff brought this lawsuit asserting claims of respondeat superior and negligence.

## II.

## BASIS FOR REMOVAL

4.      Removal is proper because there is complete diversity between the parties.  *See* 28 U.S.C. §1332(a).  Plaintiff Amanda Cruz is a citizen of the State of Texas with her primary residence in Jefferson County, Texas.  Defendant Braum's, Inc. is a citizen of Oklahoma, with its principal place of business located in Oklahoma County, Oklahoma at 3000 N.E. 63rd Street, Oklahoma City, Oklahoma 73121. This is a civil action between citizens of different states with an amount in controversy that exceeds $75,000.00.  This court therefore has original jurisdiction pursuant to 28 U.S.C. §1332 and this suit may be removed to this court by Defendant pursuant to the provisions of 28 U.S.C. §1441.

5.      District courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states."  28 U.S.C. §1332(a)(1).  In order to determine the citizenship of a natural person, the courts look at the domicile of the party which includes the state of residence of the party and the party's intent to remain in the state permanently.  *See Acridge v. Evangelical Lutheran Good Samaritan Soc'y,* 334 F.3d 444, 447-448 (5th Cir. 2003).

Additionally, the courts have stated, "in determining a litigant's domicile, the court must address a variety of factors.  No single factor is determinative.  The court should look to all evidence shedding light on the litigant's intention to establish domicile.  The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Coury v. Prot,* 85 F.3d 244, 251 (5th Cir. 1996); *see also Acridge v. Evangelical Lutheran Good Samaritan Soc'y,* 334 F.3d 444 at 448.  Also, a party's statement of intent is relevant to the court's determination of domicile, but garners little weight if it conflicts with objective facts.  *Coury v. Prot,* 85 F.3d 244 at 251.

6.     Pursuant to Plaintiff's Original Petition and upon information and belief, Plaintiff Amanda Cruz is a citizen of the State of Texas with her primary residence in Jefferson County, Texas.  Defendant Braum's, Inc. is a citizen of Oklahoma, with its principal place of business located in Oklahoma County, Oklahoma at 3000 N.E. 63rd Street, Oklahoma City, Oklahoma 73121. There is complete diversity between the parties to this lawsuit and removal is appropriate under 28 U.S.C. §1332(a).

7.     Upon information and belief, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs based upon Plaintiff's Original Petition and the extensive damages that she seeks by this lawsuit.  In her Original Petition, Plaintiff alleges that the amount in controversy is over $100,000 and not more than $200,000.  Texas district courts have original jurisdiction in civil cases where the amount in controversy exceeds $500.00, excluding interest.  *See* Tex. Gov't Code §24.007.  There is no upper limit.  Plaintiff also seeks to recover the following damages:

a.      past and future physical pain and suffering;

b.      past and future mental anguish;

c.      past and future medical expenses;

d.      past and future lost wages;

e.      past and future physical impairment;

f.      past and future physical disfigurement; and

g.      past and future loss of enjoyment of life.

8.      Venue is proper in this district and division under 28 U.S.C. §1441(a) for the same reason that Plaintiff's Original Petition was filed in Smith County, Texas, which is within the Tyler Division of the United States District Court for the Eastern District of Texas.

9.      In filing this Notice of Removal, Defendant does not waive and expressly reserve all objections and defenses which it may have under Rule 12(b) of the FEDERAL RULES OF CIVIL PROCEDURE and any other rules applicable to this action.

10.      Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where the action has been pending.

11.      Defendant has attached to this Notice of Removal the documents required by 28 U.S.C. § 1446(a) and Local Rule 81(c)(1)-(5) as follows in Exhibit "A" attached herein:

(1).    Index of all documents filed in the State Court Action, including copies of all pleadings filed in the State Court Action;
(2).    State Court and Party Information; and
(3).    Disclosure Statement and Certificate of Interested Persons.

12.      Plaintiff did not request a trial by jury.

## III.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant respectfully requests that this matter be removed to federal court and for such other and further relief, both at law and in equity, to which this Defendant is justly entitled.

Respectfully submitted,

By: _____ /s/  William F. Allred _____

**WILLIAM F. ALLRED**
Texas Bar No.:  01104550
**AMY AGNEW**
Texas Bar No.:  24048325

**COOPER & SCULLY, P.C.**
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Phone:  (214) 712-9500
Fax:  (214) 712-9540

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was mailed via certified mail, return receipt requested to the following attorney(s) of record on this the 27th day of April, 2020.

Jonathan C. Juhan
Javier Cabanillas
Regina C. Bost
985 I-10 North, Suite 100
Beaumont, Texas  77706

/s/ William F. Allred

WILLIAM F. ALLRED

# EXHIBIT "A"

# EXHIBIT "1"

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **AMANDA CRUZ,** | § | |
| **PLAINTIFF** | § | |
| | § | |
| **V.** | § | **CV:** |
| | § | |
| | § | |
| **BRAUM'S, INC.,** | § | |
| **DEFENDANT** | § | |
| | § | |

---

**DEFENDANT'S INDEX OF STATE COURT PLEADINGS AND FILING DATES**

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

1.   Docket Sheet

2.   Plaintiff's Original Petition                                              04/06/2020

3.   Citation                                                                          04/08/2020

4.   Affidavit of Service                                                      04/09/2020

5.   Defendant's Original Answer, General Denial, and

     Affirmative Defenses                                                  04/20/2020

Respectfully submitted,

By:_____/s/ William F. Allred_____
          **WILLIAM F. ALLRED**
          Texas Bar No.:  01104550
          **AMY AGNEW**
          Texas Bar No.:  24048325

**COOPER & SCULLY, P.C.**
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Phone:  (214) 712-9500
Fax:  (214) 712-9540

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

     This is to certify that a true and correct copy of the foregoing was mailed via certified mail, return receipt requested to the following attorney(s) of record on this the 27th day of April, 2020.

     Jonathan C. Juhan
     Javier Cabanillas
     Regina C. Bost
     985 I-10 North, Suite 100
     Beaumont, Texas  77706

                  /s/ William F. Allred
               _____
               **WILLIAM F. ALLRED**

**1.**

CIVIL DOCKET – CAUSE NO.  20-0761-B_____          114TH JUDICIAL DISTRICT COURT
STYLE: AMANDA CRUZ VS. W. H. BRAUM, INC. D/B/A BRAUM'S #266

| NAME OF PARTIES | ATTORNEYS | KIND OF ACTION | DATE OF FILING |
|---|---|---|---|
| **AMANDA CRUZ**<br>*PLAINTIFF*<br><br>**VS**<br><br>**W. H. BRAUM, INC. D/B/A BRAUM'S #266**<br>*RESPONDENT* | **JONATHAN C JUHAN**<br>**985 I-10 NORTH STE 100**<br>**BEAUMONT TX  77706**<br>**409-832-8877** | **INJURY/DAMAGE - OTHER** | 04/06/2020 |
| | | | JURY FEE<br><br>$ |
| | | | PAID BY<br><br>DATE |

| DATE OF ORDERS | | | ORDERS OF THE COURT | | |
|---|---|---|---|---|---|
| Month | Day | Year | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**2.**

Electronically Filed
4/6/2020 4:04 PM
Penny Clarkston, Smith County District Clerk
Reviewed By: Gina McClung

20-0761-B

**CAUSE NO.** _____

| | | |
|---|---|---|
| AMANDA CRUZ, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| W. H. BRAUM, INC. D/B/A BRAUM'S | § | |
| #266 | § | |
| Defendant | § | SMITH COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, FIRST REQUEST FOR PRODUCTION, FIRST SET OF INTERROGATORIES, AND FIRST REQUEST FOR ADMISSIONS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES AMANDA CRUZ, hereinafter referred to as Plaintiff, complaining of W. H. BRAUM, INC. D/B/A BRAUM'S #266, hereinafter referred to as Defendant, and for cause of action would respectfully show unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN

Discovery is intended to be conducted pursuant to a Level 2 Discovery Control Plan pursuant to TEX. R. CIV. P. Rule 190.1 and Rule 190.3.

### II.
### CLAIM FOR RELIEF

Plaintiff seeks monetary relief over $100,000, but not more than $200,000.

### III.
### PARTIES

Plaintiff is an individual who resides in Jefferson County, Texas. The last three digits of Plaintiff's driver's license number are unknown at this time, and the last three digits of her social security number are 258.

Defendant, W. H. BRAUM, INC. D/B/A BRAUM'S #266, is an incorporated business under the laws of the State of Texas.  Defendant has its principal place of business in the State of Texas. Defendant may be served with process by serving its registered agent, C. T. Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136.

**SERVICE IS REQUESTED AT THIS TIME.**

### IV.
### JURISDICTION

Jurisdiction is proper in this Court because Plaintiff is entitled to damages in excess of the minimum jurisdiction of this Court.

### V.
### VENUE

Pursuant to Section 15.002(A)(1) of the TEXAS CIVIL PRACTICE & REMEDIES CODE, venue is proper in Hardin County because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

### VI.
### FACTUAL BACKGROUND

Plaintiff, AMANDA CRUZ, brings this suit to recover damages for personal injuries she sustained as a result of an incident which occurred on or about June 8, 2018, at Defendant's premises located at   7101 S. Broadway, Tyler, Smith County, Texas. Said incident was proximately caused by the negligence of Defendant, its agents, servants and/or employees.

On or about June 20, 2018, Plaintiff was an invitee on Defendant's premises located at 7101 S. Broadway, Tyler, Smith County, Texas, having gone there for the purpose of dining.  Plaintiff was in the area of the drink dispenser, when she fell due to a large amount

of liquid on the floor. As a result of the fall, Plaintiff sustained severe personal injuries and damages.

Defendant knew or should have known of the unreasonably dangerous condition created by the condition of the pavement in the parking lot, and Defendant neither corrected nor warned Plaintiff of same. Plaintiff did not have knowledge of the dangerous condition and could not have reasonably been expected to discover it prior to this incident. Defendant's creation of the dangerous condition, failure to correct the condition, and/or failure to warn Plaintiff of the condition constituted negligence.  Such negligence was a proximate cause of the occurrence in question and of Plaintiff's resulting injuries and damages.

## VII.
## RESPONDEAT SUPERIOR

At all times material hereto, all agents, servants, and/or employees of Defendant, W. H. BRAUM, INC. D/B/A BRAUM'S #266  were acting within the course and scope of employment and/or official duties.

Furthermore, at all times material hereto, all agents, servants, and/or employees of Defendant, W. H. BRAUM, INC. D/B/A BRAUM'S #266  were acting in furtherance of the duties of their office and/or employment.

Therefore, Defendant, W. H. BRAUM, INC. D/B/A BRAUM'S #266 is responsible for all damages resulting from the negligent acts and/or omissions of their agents, servants, and/or employees pursuant to the Doctrine of *Respondeat Superior.*

## VIII.
## NEGLIGENCE

Plaintiff alleges that on the occasion in question, Defendant failed to use ordinary care by various acts and omissions in at least the following ways:

a.  Failure to exercise ordinary care in maintaining the premises in a reasonably safe condition;

b.  Failure to protect and safeguard invitees such as Plaintiff from unreasonably unsafe and dangerous conditions;

c.  Failure to exercise reasonable care to reduce or eliminate the risk to invitees such as Plaintiff of the unreasonably unsafe and dangerous conditions, and/or its failure to warn invitees such as Plaintiff of the unreasonably unsafe and dangerous conditions at the time of this incident, including but not limited to the following respects:

  (1)  Defendant negligently caused a dangerous condition to exist in the restaurant in question;
  (2)  Defendant negligently permitted a dangerous condition to exist and/or remain on the restaurant floor in question; and
  (3)  Defendant negligently failed to exercise that degree of care in the maintenance of the restaurant in question as would a person of ordinary prudence under the same or similar circumstances on the occasion in question.

Each and all of the above stated acts and/or omissions constitute negligence and the same are a proximate cause of the injuries and damages sustained by Plaintiff.

At all times relevant to this lawsuit, Defendant knew or in the exercise of ordinary and reasonable care should have known of the dangerous condition of the restaurant floor and of the foreseeable harm that its negligent acts and/or omissions posed to invitees such as Plaintiff. The negligence described herein should be imputed to Defendant because such negligence occurred as a result of the acts and/or omissions of Defendant's employees, agents, servants, representatives, and/or officers and with Defendant's knowledge and/or consent.

## IX.
## DAMAGES

Plaintiff's Original Petition, Request for Disclosure, First Request for Production, First Set of Interrogatories, and First Request for Admissions

Page 4 of 22

As a direct and proximate result of the negligence and carelessness of the Defendant, and as a direct and proximate result of the above-mentioned incident, Plaintiff, has suffered with severe pain and injury to her neck, shoulder, back, left knee, and left foot. Plaintiff suffered contusions and muscle spasms, muscle guarding, restricted range of motion, and soreness to the body in general.  That because of such injuries she has suffered the following:

Plaintiff sustained significant personal injuries and damages, including but not limited to the following:

    a.   Past and future physical pain and suffering;

    b.   Past and future mental anguish;

    c.   Past and future medical expenses;

    d.   Past and future lost wages;

    e.   Past and future physical impairment;

    f.   Past and future physical disfigurement; and

    g.   Past and future loss of enjoyment of life.

## X.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer and that on final hearing Plaintiff have judgment against Defendant for an amount within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest as provided by law, costs of court and for such other and further relief, at law or in equity to which Plaintiff is justly entitled.

## XI.
## REQUEST FOR DISCLOSURE

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 194, you are requested to disclose, within fifty (50) days of service of this request, the information or material described in TEXAS RULE OF CIVIL PROCEDURE 194.2.

## XII.
## FIRST REQUEST FOR PRODUCTION

Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested to produce, within fifty (50) days of service of this request, the following information. Demand is hereby made for supplementation of the Defendant's responses to this Request for Production as required by TEXAS RULE OF CIVIL PROCEDURE 193.5.

### DEFINITIONS AND INSTRUCTIONS

For purposes of the following Requests, the following definitions and instructions apply:

"You", "Your" and "Defendant" means and refers to the named Defendant responding to the request, as well as its attorneys, agents, employees, and all other natural persons or business or legal entities acting, or purporting to act, for or on your behalf whether authorized to do so or not.

"Incident in Question" means and refers to the incident described in Plaintiff's Original Petition.

"Location in Question" refers to the parking lot of W. H. BRAUM, INC. d/b/a BRAUM'S #266, located at 7101 S. Broadway, Tyler, Texas 75703.

"Document" means and includes writings of every type and from any source, including originals and non-identical copies thereof, that are in your possession, custody, or control or known by you to exist.  This would include documents sent outside your organization to any source as well as documents intended for internal use.

The term also includes communications not only in words, but in symbols, pictures, sound recordings, film, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems.  If the information is kept in a computer or informational retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

Plaintiff's Original Petition, Request for Disclosure, First Request for Production, First Set of Interrogatories, and First Request for Admissions

Page 6 of 22

The term includes, but is not limited to: calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

"Custodian" means the person or entity with care, custody, control of the item or document that is subject of inquiry. A request to identify the custodian of any item or document is a request to provide the name, address and telephone number of said custodian.

"Photograph" means and includes any motion picture, still picture, transparency, videotape, drawing, sketch, electronic image, negatives or any other recording of any non-verbal communication in tangible form.

You are not asked to divulge or provide any information or documents which are privileged in nature. However, for each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim or privilege or other ground for exclusion.

If a requested document once was but is no longer in the possession, custody or control of Defendant or any of its representatives, state what disposition was made of such document.

If any of these requests cannot be responded to in full, please respond to the extent possible, specifying the reason for Defendant's inability to fully respond, and stating whatever information or knowledge Defendant has concerning the portion to which Defendant cannot fully respond.

Pursuant to *Overall v. Southwestern McLennan Yellow Pages*, a party is required to send the documents to the requesting party along with a copy of the response. Unless there are thousands of documents, a party is not permitted to merely make documents available at a specific location. 869 S.W.2d 629 (Tex. App.–Houston [14th Dist.] 1994).

## REQUESTS FOR PRODUCTION

1.     Any and all photographs or other electronic images that contain images of the underlying facts or that Defendant intends to offer into evidence at trial.

2.   Any and all photographs, movies, videotapes or other visual reproductions that Defendant has of the parties, persons with knowledge of relevant facts, the facilities, mechanisms or items involved, or scene of the Incident in Question.

3.   All published documents, treatises, periodicals or pamphlets on the subject of medicine, any engineering field, and any other area of scientific study that you claim to be a reliable authority which may be used by you at trial.

4.   All published documents, treatises, periodicals or pamphlets on the subject of medicine, any engineering field, and any other area of scientific study that any testifying expert claims to be a reliable authority which may be used by you at trial.

5.   All published documents, treatises, periodicals or pamphlets on the subject of medicine, any engineering field, and any other area of scientific study that any testifying expert has relied, or will rely, upon to support their opinions and mental impressions.

6.   All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.

7.   All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards that any of your testifying experts have relied, or will rely, upon to support their opinions and mental impressions.

8.   All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards that any of your testifying experts claim to be reliable authority which may be used at the time of trial.

9.   Copies of any and all statements made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by Plaintiff and any stenographic, mechanical, electrical or other type of recording or any transcription thereof.

10.   Any written, taped or mechanically reproduced statement made of any Defendant or Plaintiff.

11.   Any and all drawings, surveys, plats, maps or sketches of the scene of the Incident in Question.

12.   Any document, photograph, or other physical evidence that will be used or offered at trial.

13.    All documents and tangible things (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, and data compilations) that constitute or contain matters relevant to the subject matter of the action.

14.    The entire claim and investigation file, including but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the Incident in Question generated or obtained by Defendant, Defendant's agents, or Defendant's insurers in the ordinary course of business.

15.    The entire claim and investigation file, including but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the Incident in Question generated or obtained by Defendant, Defendant's agents, or Defendant's insurers before Plaintiff filed Plaintiff's Original Petition with the court.

16.    A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the Incident in Question including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you.

17.    Any documents, videotapes, recordings, reports, photographs, or other written records pertaining to any investigation of the Incident in Question.

18.    All documents regarding all other claims whether made in the past or being currently made against Defendant or Defendant's insurance policies at the Location in Question.

19.    Any and all settlement agreements, deals, contracts, understandings, "Mary Carter" agreements, or compromises between you or your representatives and any other party, potential party, or potential third party defendant to this suit or its representatives, agents, or insurers regarding any compromise, settlement, apportionment of liability or financial responsibility, contingent or otherwise, or alignment of the parties on any issue with respect to:

    a.    The Incident in Question;
    b.    Plaintiff's damages;
    c.    The presentation of any testimony;
    d.    Whether or how to conduct any cross-examination;
    e.    The performance of discovery; and/or
    f.    The presentation of any defense, excuse, or inferential rebuttal.

20.    Copies of any document or statement that any witness of Defendant will use or you anticipate may use to refresh his or her memory, either for deposition or trial.

21.   Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you intend to offer into evidence at trial.

22.   Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you do not intend to offer into evidence at the trial of this case, but which may be used as demonstrative evidence at trial.

23.   Any information relating to any arrest or conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge of relevant facts named in discovery information provided by or to you before trial.  Please include the name of the person convicted, the offense for which he or she was arrested or convicted, the year of such arrest or conviction, the court of such conviction, and the disposition of the case or allegation.

24.   All documents regarding Plaintiff's medical status, treatment or history obtained, created, or possessed by Defendant.

25.   All documents regarding Plaintiff's financial status, earnings history, and tax payment history obtained by Defendant via an authorization signed by Plaintiff, subpoena, deposition on written questions, or otherwise.

26.   All documents regarding Plaintiff's claims history obtained by Defendant via an authorization signed by Plaintiff, subpoena, deposition on written questions, or otherwise.

27.   All documents, records, reports, notations, or memoranda regarding Plaintiff from persons or entities that compile claim information, to include but not limited to, insurance claims, unemployment claims, social security claims, and worker's compensation claims.

28.   All statements or documents that show the identity of any witness to the Incident in Question, or any person with knowledge of relevant facts concerning the Incident in Question, the events leading up to it, or any damage sustained by Plaintiff.

29.   All documents and tangible things which support your contention that:

   a.   Any act or omission on the part of Plaintiff caused or contributed to the Incident in Question;
   b.   Any factor, other than a. above, contributed to or was the sole cause of the Incident in Question, including but not limited to, acts or omissions of negligence of any other party or parties, or potential third-party Defendants;
   c.   Any factor caused or contributed to the Plaintiff's damages, including but not limited to, pre-existing or subsequently existing physical or medical condition or conditions of Plaintiff;

     d.     Any or all of the medical expenses incurred by Plaintiff for treatment of injuries allegedly resulting from the Incident in Question were not reasonable and/or necessary;

     e.     Plaintiff's injuries were not the result of or caused by the Incident in Question.

30.    The architectural plans and drawings for the Location in Question, or any changes thereto.

31.    Any contracts between the owner and/or former owners and contractor who constructed the Location in Question.

32.    Any contract between the owner and any other person or entity responsible for caring for, maintaining or cleaning the premises at the time of Plaintiff's injuries.

33.    Any contracts between the owner and the manager or managing entity at the time of the Plaintiff's injury, and for the year immediately preceding the Incident in Question.

34.    All documents evidencing ownership, occupancy rights, or rights to control the condition of the interior of Defendant at 7101 S. Broadway, Tyler, Texas, for the time of the Incident in Question.

35.    A copy of any legal documents that evidence Defendant's status as a corporation, partnership, sole proprietorship or joint venture.

36.    Any joint venture agreement between the parties or between any party to this suit and any non-party regarding the ownership, operation, repair, maintenance, cleaning or other service of or for the Premises in Question.

37.    Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, inspection, repair, cleaning and service of the Premises in Question that were in existence at the time of the Incident in Question.

38.    Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, inspection, repair, cleaning and service of the Premises in Question that are in existence currently.

39.    Any and all photographs that Defendant has of any equipment, item, or movable property that was at the Location in Question on the date of the Incident in Question, but has since been relocated or removed.

40.    Personnel files or any other documents reflecting the name, address, and/or phone number of all Defendant's employees, independent contractors, agents, or

representatives working at 7101 S. Broadway, Tyler, Texas, on the date of the Incident in Question.

41.    Any documents regarding maintenance of the Premises in Question from six months before the Incident in Question through the day of the Incident in Question.

42.    Any documents regarding inspections of the Premises in Question from six months before the Incident in Question through the day of the Incident in Question.

43.    Any documents or plans indicating subsequent remedial measures anticipated or undertaken at the Location in Question since the Incident in Question.

44.    All documents indicating the charges or costs for subsequent remedial measures anticipated or undertaken at the Location in Question since the Incident in Question.

45.    All documents, reports, videotapes, photographs, or statements regarding any other incident involving injury to another from tripping or slipping and falling at the Location in Question from seven years before the Incident in Question to present.

46.    All documents, reports, videotapes, photographs, or statements regarding any other incident involving injury to another from tripping or slipping and falling at 7101 S. Broadway, Tyler, Texas from seven years before the Incident in Question to present.

## XIII.
## FIRST SET OF INTERROGATORIES

Pursuant to Rule 197 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested to answer, within fifty (50) days of service of this request, the following Interrogatories.

### PRELIMINARY STATEMENT

1.    The following interrogatories are to be answered separately and fully, by furnishing all information in your possession, custody or control, including all information to which you have a superior right to compel from a third party, such as your agent, authority, or representative.

2.    You are to answer the interrogatories under oath. Your attorney in this case is not allowed to sign or swear to the answers you have made to the interrogatories.

3.    You and your attorney are under a duty to supplement your answers to these interrogatories by amending your answers if you obtain information upon the basis of which you know that the answer was incorrect when made or you know that the answer is no longer true, even though it was correct when made.

4.   Whenever an interrogatory requests the identification of a document or documents, please set forth where the document exists, the name and address of its custodian, a description of its contents, including its author, date, and addresses, the number of pages it contains, and all attachments to the original document.

5.   If the answer to any interrogatory may be derived or ascertained from your business records, and the burden of deriving the answer would be substantially the same for Plaintiff and you, you may specify the records from which the answer may be obtained.

<u>TABLE OF DEFINITIONS</u>

Plaintiff sets forth the following definitions or abbreviations of various words and phrases that are contained in the Interrogatories. Plaintiff provides the following definitions and abbreviations for the purpose of clarifying the meaning of various words and phrases contained herein in order to expedite discovery, i.e., (1) to help the Defendant fully and accurately understand the objectives of Plaintiff's discovery efforts and (2) to simplify and assist the Plaintiff in her efforts to locate and furnish the relevant information and documents.  It is expressly stipulated and agreed by the Plaintiff that an affirmative response on the part of the Defendants will not be construed as an admission that any definition or abbreviation contained hereto is either factually correct or legally binding on the Defendants.

**A. "YOU", "YOUR", OR "DEFENDANT"** means and refers to the named Defendant responding to the interrogatory, as well as its attorneys, agents, employees, and all other natural persons or business or legal entities acting, or purporting to act, for or on your behalf whether authorized to do so or not.

**B. MULTIPLE PART ANSWERS:** Where an individual interrogatory calls for an answer which involves more than one part or subpart, each part of the answer should be set forth separately so that it is clearly understandable and responsive to the respective interrogatory or subpart thereof.

**C. WRITING OR WRITTEN:** The term "writing" or "written" are intended to include, but not necessarily be limited to the following:  hand-writing, type-writing, computer printouts, printing, photograph, and every other means of recording upon any tangible thing or any form of communication, including letters, words, pictures, sounds or symbols or combinations thereof; and they further include any oral communication later reduced to writing or confirmed by a letter.

**D. DOCUMENT(S):** The term "documents" shall mean writings of every type and from any source, including originals and non-identical copies thereof, that are in your possession, custody, or control or known by you to exist.  This would include documents sent outside your organization to any source as well as documents intended for internal use.

The term also includes communications not only in words, but also in symbols, pictures, sound recordings, film, tapes and information stored in, or accessible through,

computer or other information storage or retrieval systems.  If the information is kept in a computer or informational retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

The term includes, but is not limited to: calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

**E. PERSON:**   "Person" as used herein means an individual, corporation, partnership, association, trust, governmental entity, and any otherwise described entity.

**F. PERSON(S) IDENTITY:**   When an interrogatory requests that you identify a person please state:

1. His or her full name;
2. His or her present or last known address;
3. His or her present employers name and address; and
4. His or her occupational position or classification.

**G. "IDENTIFY" or "IDENTIFICATION":**

1. As to a person: When used in reference to a person or individual, the terms "identify" or "identification" mean to state his/her full name, address, and telephone number.
2. As to an entity: The terms "identify" or "identification" when used in reference to an entity such as a corporation, partnership or association, mean to state the name of the entity, its business address, telephone number, and name of its chief executive officer and the agent for service of process.
3. As to a document: When used in reference to a document, the terms "identify" or "identification" shall include the following:
   a. The title, heading or caption of such document.
   b. The date appearing on such document; or if no date appears, the approximate date on which the document was prepared.
   c. A general description of the document.
   d. The name of the person who signed the document or statement that it was unsigned.
   e. Name of the person or persons who prepared the document.
   f. Name of the person or persons to whom the document was

addressed and to whom the document was sent.

    g.    The physical location of the document.

4.    As to a statement:  When used in reference to a statement, the terms "identify" or "identification" shall include who made the statement, who took or recorded it, and all others, if any, present during the making thereof; to state when, where and how it was taken or recorded, and to identify who was present or last known possession, custody or control thereof.

5.    To any other tangible thing:  When used in reference to any other tangible thing, the terms "identify" or "identification" mean to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody or control thereof.

**H. INCIDENT IN QUESTION:**  The term "incident" or "incident in question" or similar reference as used herein refers to the incident or incident in Question described in the Plaintiff's Original Petition, unless otherwise defined herein, and which forms the subject matter in this suit.

**I. "LOCATION IN QUESTION"** refers to the parking lot of W. H. BRAUM, INC. d/b/a BRAUM'S #266, located at 7101 S. Broadway, Tyler, Texas.

**J. "STATEMENTS"** includes any written or graphic statement signed or otherwise adopted or approved by the person making it and any stenographic, mechanical, electrical, or other recordings, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

<u>**INTERROGATORIES**</u>

1.    Please state the full name, address, job title and employer of each person answering and assisting in answering these Interrogatories.

    ANSWER:

2.    State the name and address of the person or entity who owned, was in possession or exclusive possession and/or control of the Location in Question at the time of the Incident in Question.

    ANSWER:

3.    Please identify all experts who may be called as a witness in this case or whose work product formed the basis, either in whole or part, of the opinions of any experts who may be called as a witness.  With respect to each such expert, specify the following:

    a.  The subject matter upon which the witness is expected to testify including his/her impressions and opinions;
    b.  All facts know to the expert which relate or form the basis of the expert's mental impressions or opinions; and
    c.  All documents, communications, and other tangible things used by, prepared by, prepared for, or furnished an expert in anticipation of the expert's trial or deposition testimony, including all tests and calculations done by the expert or reviewed by him/her, whether or not such tests or calculations form the basis of his/her opinion.

ANSWER:

5.    If you, or anyone acting on your behalf, know of any oral, written or recorded admission or any type by the Plaintiff pertaining to this suit, please identify the nature of each admission, the content of each admission, whether it was oral, written or recorded, the circumstances under which each was made, the name, address and telephone number of each person who was present when each was made, the date and location of each admission, and who has possession of each written or recorded admission.

ANSWER:

6.    Please state the contents of any settlement, contribution, or indemnity agreement made with any other person or entity as a result of the incident made the basis of this suit, including the names of the parties involved and the details of each agreement, including the amount.

ANSWER:

7.    Prior to the present case, please state the name and address of each person who has ever sued you or has ever written or caused another to write any letter threatening to sue you for incidents or events involving Defendant's store located at 7101 S. Broadway, Tyler, Texas. With respect to prior lawsuits or threats of a lawsuit, specify the following:

    a.  The nature of the lawsuit or threatened lawsuit;
    b.  The name of any attorney who represented you and any other person in the lawsuit(s);
    c.  The name of any and all experts hired;
    d.  The name of any and all employees, past or present, who have given a deposition, including the date(s) of deposition;
    e.  The final disposition of each suit or threatened suit; and
    f.  State the style, cause number, and court of each suit filed.

ANSWER:

8.      Please describe in detail any previous and/or subsequent incidents of which Defendant is aware which occurred in substantially the same way as the Plaintiff's incident or in the same or nearby location.

        ANSWER:

9.      Please describe in detail any changes made by the Defendant, employees, or agents, in the physical site of the incident before and after the occurrence in question. If the Defendant corrected, repaired or fixed the condition of the restaurant floor, please state what the cost of repair was, the date the repairs were done, and the name, address and telephone number of the person or firm carrying out such repair work.

        ANSWER:

10.     If Defendant, Defendant's corporate representative, employee or agent has given a statement to anyone other than Defendant's attorney with respect to the occurrence in question, please state the name, address and telephone number of the person to whom such statement was given, the date on which the statement was given, the substance of such statement and whether such statement was a written or an oral statement.

        ANSWER:

11.     Was it a regular course of business of the Defendant to conduct a post-incident investigation into an incident of this sort or to complete an incident report, whether or not litigation was anticipated? If so, state whether an investigation was conducted, the date(s), full descriptions of the investigation(s), who conducted the investigation(s) or completed the incident report, the findings or conclusions of the investigation(s), and where such investigative or incident reports are now located. If you are claiming privilege as to any investigation based on its allegedly being done in anticipation of litigation, describe specifically what you are relying on to establish that you had reason to believe the litigation would ensue, including what overt acts or statements were made by Plaintiff or someone acting on behalf of the Plaintiff.

        ANSWER:

12.     Do you contend that the Plaintiff has done anything or failed to do anything that constitutes a failure to mitigate damages?  If so, please describe the basis of your contention and what evidence exists to support same.

        ANSWER:

13.     If you have alleged that someone else's conduct or some other condition, disease, injury or event was the "sole proximate cause" of the incident in question, describe

in detail the identity of such other person, event or condition, be it pre-existing or subsequent disease or injury.

ANSWER:

14.   What is Defendant's contention as to the Plaintiff's legal status on the premises at the time of the Incident in Question, that is whether Plaintiff was a business invitee, licensee or trespasser? If you contend that Plaintiff was not a business invitee at the time of the Incident in Question, please state and describe each fact, document or thing on which you base such a contention.

ANSWER:

15.   Please state whether the Defendant was aware of the condition of the restaurant floor and what efforts Defendant made to warn of the condition which the Plaintiff alleges to be the cause of the Incident in Question.

ANSWER:

16.   What is the Defendant's contention as to Plaintiff's knowledge prior to the Incident in Question, objective or subjective, of the condition which Plaintiff alleges to be the cause of the Incident in Question.

ANSWER:

17.   State the name, address, and telephone number of all persons who were responsible for managing the condition of Defendant's facility located at 7101 S. Broadway, Tyler, Texas, prior to the incident made the basis of this lawsuit.

18.   State the name, address, and telephone number of all persons who were responsible for managing the condition of the Location in Question, prior to the incident made the basis of this lawsuit.

19.   Please state the name, job title, address and telephone number of each employee and/or agent on duty at the facility located at 7101 S. Broadway, Tyler, Texas at the time of the incident made the basis of this lawsuit. Please also indicate whether or not said employee is currently employed by you.

ANSWER:

20.   Please identify all devices at the Location in Question available to be used to warn people of conditions such as the condition made the basis of this suit, where such devices were stored, who had access to such devices, and which were used to warn Plaintiff of the condition at the Location in Question on June 20, 2018. If no such devices were used to warn Plaintiff, then please state why such devices were not used.

Plaintiff's Original Petition, Request for Disclosure, First Request for Production, First Set of Interrogatories, and First Request for Admissions

Page 18 of 22

ANSWER:

## XIV.
## REQUEST FOR ADMISSIONS

Pursuant to Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested to answer, within fifty (50) days of service of this request, the following Requests for Admissions.

### TABLE OF DEFINITIONS

For purposes of the following Requests, the following definitions apply:

"You", "Your" and "Defendant" means and refers to the named Defendant responding to the request, as well as its attorneys, agents, employees, and all other natural persons or business or legal entities acting, or purporting to act, for or on your behalf whether authorized to do so or not.

"Incident in Question" means and refers to the incident described in Plaintiff's Original Petition.

"Location in Question" refers to the parking lot area to W. H. BRAUM, INC. d/b/a BRAUM'S #266, at 7101 S. Broadway, Tyler, Texas.

### REQUESTS

1.    Admit that the Incident in Question occurred on June 20, 2018, in Tyler, Smith County, Texas.

2.    Admit that Plaintiff fell at the Location in Question on June 20, 2018, in Tyler, Smith County, Texas.

3.    Admit that you owned the Location in Question on June 20, 2018.

4.    Admit that you had the right to occupy the Location in Question on June 20, 2018.

5.    Admit that you had the right to control the Location in Question on June 20, 2018.

6.    Admit that you had the ability to manage, direct, superintend, restrict, regulate, govern, administer, or oversee the Location in Question on June 20, 2018.

7.    Admit that you owned the parking lot at 7101 S. Broadway, Tyler, Texas, on June 20, 2018.

8.  Admit that you had the right to occupy the facilities 7101 S. Broadway, Tyler, Texas, on June 20, 2018.

9.  Admit that you had the right to control the facilities at 7101 S. Broadway, Tyler, Texas, on June 20, 2018.

10. Admit that you had the ability to manage, direct, superintend, restrict, regulate, govern, administer, or oversee the facilities at 7101 S. Broadway, Tyler, Texas, on June 20, 2018.

11. Admit that you have been properly named.

12. Admit that you performed an investigation as a result of the Incident in Question.

13. Admit that you were conducting video surveillance at 7101 S. Broadway, Tyler, Texas, on June 8, 2018.

14. Admit that you were conducting video surveillance of the Location in Question on June 20, 2018.

15. Admit that you had videotape of Plaintiff.

16. Admit that you still have videotape of Plaintiff.

17. Admit that you destroyed videotape of Plaintiff.

18. Admit that you lost videotape of Plaintiff.

19. Admit that Plaintiff was your business patron at the time of the Incident in Question.

20. Admit that Plaintiff was an invitee on your premises at the time of the Incident in Question.

21. Admit that Plaintiff fell due to puddled water on the floor at the Location in Question on June 20, 2018.

22. Admit that uneven parking lot at the Location in Question, on June 20, 2018, was in unreasonable condition.

23. Admit that you were aware of the wet floor at the Location in Question before the Incident in Question.

24. Admit that you should have been aware of the wet floor at the Location in Question before the Incident in Question.

Plaintiff's Original Petition, Request for Disclosure, First Request for Production, First Set of Interrogatories, and First Request for Admissions

Page 20 of 22

25. Admit that you were aware of the condition of the Location in Question before the Incident in Question.

26. Admit that you should have been aware of the condition of the Location in Question before the Incident in Question.

27. Admit that Defendant was aware that pedestrians would make use of the customer area of the Location in Question.

28. Admit that Defendant was aware that the invitees making use of the restaurant at the Location in Question would include the elderly, infirm, and/or disabled.

29. Admit that Plaintiff suffered personal injuries as a direct result of the Incident in Question.

30. Admit that Plaintiff has incurred medical expenses as a result of the Incident in Question.

31. Admit that you provided Plaintiff with medical care and/or treatment as a result of the Incident in Question.

32. Admit that you have records and bills stemming from the medical care and/or treatment provided to Plaintiff as a result of the Incident in Question.

33. Admit that Plaintiff will require future medical care for the personal injuries sustained as a result of the Incident in Question.

34. Admit that Plaintiff has experienced pain and suffering as a result of the Incident in Question.

35. Admit that Plaintiff will experience future pain and suffering as a result of the Incident in Question.

36. Admit that Plaintiff has experienced physical disfigurement in the past as a result of the Incident in Question

37. Admit that Plaintiff will experience physical disfigurement in the future as a result of the Incident in Question.

38. Admit that Plaintiff suffered physical impairment in the past as a result of the Incident in Question.

39. Admit that Plaintiff will suffer physical impairment in the future as a result of the Incident in Question.

Plaintiff's Original Petition, Request for Disclosure, First Request for Production, First Set of Interrogatories, and First Request for Admissions

Page 21 of 22

40. Admit that Plaintiff will sustain a loss of earning capacity in the future as a result of the Incident in Question.

41. Admit that your negligence was a proximate cause of the Incident in Question.

42. Admit that the Incident in Question would not have occurred if uneven pavement at the Location in Question had not been present on June 20, 2018.

43. Admit that the Incident in Question would not have occurred if the parking lot at the Location in Question were in a safe condition.

44. Admit that your negligence resulted in Plaintiff's personal injuries, pain and suffering, and incurred medical expenses.

Respectfully Submitted,


BY:  /s/ JONATHAN C. JUHAN
        JONATHAN C. JUHAN
        SBN: 11047225
        jonathanjuhan@sbcglobal.net
        Javier Cabanillas
        SBN: 24094234
        javier.juhanlaw@gmail.com
        Regina C. Bost
        SBN: 24095693
        regina.juhanlaw@gmail.com
        Attorneys for Plaintiff
        985 I-10 North, Ste. 100
        Beaumont, TX 77706
        409/832-8877 - Telephone
        409/924-8880 - Facsimile

**3.**

| **CLERK OF THE COURT** | **ATTORNEY FOR PLAINTIFF** |
|---|---|
| PENNY CLARKSTON<br>SMITH COUNTY DISTRICT CLERK<br>100 N. BROADWAY, RM. 204<br>TYLER, TEXAS  75702<br>903-590-1660 | JONATHAN C JUHAN<br><br>985 I-10 NORTH STE 100<br>BEAUMONT TX  77706<br>409-832-8877 |



### CAUSE NO.  20-0761-B

### T H E   S T A T E   O F   T E X A S
### <u>CITATION</u>



**NOTICE TO DEFENDANT:  "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the Clerk who issued this Citation by ten o'clock (10:00) A.M. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."**

> TO:  W. H. BRAUM, INC. D/B/A BRAUM'S #266 – DEFENDANT - BY SERVING ITS REGISTERED AGENT, C. T. CORPORATION SYSTEM, 1999 BRYAN STREET, STE. 900, DALLAS, TEXAS 75201-3136

**YOU ARE HEREBY COMMANDED** to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, FIRST REQUEST FOR PRODUCTION, FIRST SET OF INTERROGATORIES, AND FIRST REQUEST FOR ADMISSIONS** at or before Ten o'clock A.M. of the Monday after the expiration of twenty (20) days after the date of service of this citation before the **114th Judicial District Court** of Smith County, Texas, at the Courthouse of said County located at 100 N. Broadway, Tyler, Texas. Said **PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, FIRST REQUEST FOR PRODUCTION, FIRST SET OF INTERROGATORIES, AND FIRST REQUEST FOR ADMISSIONS** was filed 04/06/2020, in this case, numbered **20-0761-B** on the docket of said Court, and styled: **AMANDA CRUZ VS. W. H. BRAUM, INC. D/B/A BRAUM'S #266**

The nature of Plaintiff's demand is fully shown by a true and correct copy of **PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, FIRST REQUEST FOR PRODUCTION, FIRST SET OF INTERROGATORIES, AND FIRST REQUEST FOR ADMISSIONS** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Tyler, Texas, this date: **8th day of April, 2020**.

**ATTEST:**

**CLERK OF THE COURT**
**PENNY CLARKSTON**
SMITH COUNTY DISTRICT CLERK
100 N. Broadway, Rm. 204
Tyler, Texas  75702



By:   /s/ *Gina McClung*

  Gina McClung, **Deputy**

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

## SHERIFF'S / OFFICER'S RETURN

Came to hand the _____ day of _____, 20____, at _____o'clock ___.M., and executed in _____ County, by delivering to each of the within-named Defendants, in person, a true copy of this citation together with the accompanying true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, FIRST REQUEST FOR PRODUCTION, FIRST SET OF INTERROGATORIES, AND FIRST REQUEST FOR ADMISSIONS.**

At the following times and places, to wit:

| NAME | MO/DAY/YEAR | HOUR/MIN | PLACE |
|------|-------------|----------|-------|
|      |             |          |       |

And not executed as to the Defendant(s) _____

Diligence used in finding said Defendant(s), being _____

And the cause of failure to execute this process is: _____

_____ and the information received as to the whereabouts of the

The said Defendant(s), being: _____

_____ Sheriff

FEES: Serving $ _____   _____ County, Texas

By: _____
                    Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____ on the
_____ Day of _____, 20____, at _____ o'clock ___.M. this copy of this instrument.

_____, Sheriff _____ County, Texas

By: _____ Deputy

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and
My address is _____,"
Email address _____.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____, 20___.

_____
Declarant/Authorized Process Server

_____
(ID # & Expiration of Certification)

**4.**

Electronically Filed
4/9/2020 3:03 PM
Penny Clarkston, Smith County District Clerk
Reviewed By: Penny Clarkston

| **CLERK OF THE COURT** | **ATTORNEY FOR PLAINTIFF** |
|---|---|
| PENNY CLARKSTON SMITH COUNTY DISTRICT CLERK 100 N. BROADWAY, RM. 204 TYLER, TEXAS  75702 903-590-1660 | JONATHAN C JUHAN 985 I-10 NORTH STE 100 BEAUMONT TX  77706 409-832-8877 |



**CAUSE NO.  20-0761-B**

**T H E   S T A T E   O F   T E X A S**
**CITATION**



**NOTICE TO DEFENDANT:** "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the Clerk who issued this Citation by ten o'clock (10:00) A.M. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

> TO:   W. H. BRAUM, INC. D/B/A BRAUM'S #266 – DEFENDANT - BY SERVING ITS REGISTERED AGENT, C. T. CORPORATION SYSTEM, 1999 BRYAN STREET, STE. 900, DALLAS, TEXAS 75201-3136

**YOU ARE HEREBY COMMANDED** to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, FIRST REQUEST FOR PRODUCTION, FIRST SET OF INTERROGATORIES, AND FIRST REQUEST FOR ADMISSIONS** at or before Ten o'clock A.M. of the Monday after the expiration of twenty (20) days after the date of service of this citation before the **114th Judicial District Court** of Smith County, Texas, at the Courthouse of said County located at 100 N. Broadway, Tyler, Texas. Said **PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, FIRST REQUEST FOR PRODUCTION, FIRST SET OF INTERROGATORIES, AND FIRST REQUEST FOR ADMISSIONS** was filed 04/06/2020, in this case, numbered **20-0761-B** on the docket of said Court, and styled: **AMANDA CRUZ VS. W. H. BRAUM, INC. D/B/A BRAUM'S #266**

The nature of Plaintiff's demand is fully shown by a true and correct copy of **PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, FIRST REQUEST FOR PRODUCTION, FIRST SET OF INTERROGATORIES, AND FIRST REQUEST FOR ADMISSIONS** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Tyler, Texas, this date: **8th day of April, 2020.**

**ATTEST:**

**CLERK OF THE COURT**
**PENNY CLARKSTON**
SMITH COUNTY DISTRICT CLERK
100 N. Broadway, Rm. 204
Tyler, Texas  75702



By:     /s/ *Gina McClung*
       Gina McClung, **Deputy**

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

## AFFIDAVIT OF SERVICE

State of Texas                  County of Smith                        114th Judicial District Court

Case Number: 20-0761-B

Plaintiff:
**Amanda Cruz**

vs.

Defendant:
**W. H. Braum, Inc. D/B/A Braum's #266**

For:
Jonathan Juhan
985 I-10 North
Suite 100
Beaumont, TX 77706

Received by Zakon LLC on the 8th day of April, 2020 at 3:58 pm to be served on **W. H. Braum, Inc. D/B/A Braum's #266 By Serving Registered Agent, C. T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.**

I, Anthony Collins, being duly sworn, depose and say that on the **9th day of April, 2020** at **12:10 pm, I:**

Executed service by hand delivering a true copy of the Citation, Copy of Plaintiffs Original Petition; **Request for Disclosure; First Request For Production, First Set Of Interrogatories, And First Request For Admissions** , to: Kim Hightower personally as Authorized Acceptance Agent at the address of: **1999 Bryan Street, Suite 900, Dallas, TX 75201,** who is authorized to accept service for **W. H. Braum, Inc. D/B/A Braum's #266,** and informed said person of the contents therein, in compliance with state statutes.

"I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the judicial circuit in which the process was served. I have personal knowledge of the facts set forth in this affidavit, and they are true and correct."

Subscribed and Sworn to before me on the 9th day of
April, 2020 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

JON PEKAR
My Notary ID # 124424900
Expires January 11, 2023

_____
Anthony Collins
PSC-357 Expires 12/31/2021

**Zakon LLC
148 S. Dowlen
#668
Beaumont, TX 77707
(409) 790-6896**

Our Job Serial Number: ONT-2020001631

Copyright © 1992-2020 Database Services, Inc - Process Server's Toolbox V8.1k



**5.**

Electronically Filed
4/20/2020 9:22 AM
Penny Clarkston, Smith County District Clerk
Reviewed By: Penny Clarkston

CAUSE NO. 20-0761-B

| | | |
|---|---|---|
| AMANDA CRUZ | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | SMITH COUNTY, TEXAS |
| | § | |
| W.H. BRAUM, INC. D/B/A BRAUM'S #266 | § | 114TH JUDICIAL DISTRICT |

---

## DEFENDANT BRAUM'S, INC.'S ORIGINAL ANSWER, GENERAL DENIAL AND AFFIRMATIVE DEFENSES

---

**COMES NOW**, Braum's, Inc. (hereinafter referred to as "Braum's", and incorrectly named as W.H. Braum, Inc. d/b/a Braum's #266), a Defendant in the above-styled and numbered cause, and files this its Original Answer, General Denial and Affirmative Defenses, and would respectfully state and show this Court as follows:

### I.
### GENERAL DENIAL

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 92, Defendant Braum's hereby denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition, and demands that Plaintiff be required to prove her allegations by a preponderance of the evidence and as required by law.

### II.
### AFFIRMATIVE DEFENSES

Pleading further, Defendant Braum's would show that it is entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, pursuant to Rule 48 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant Braum's contends that it is entitled to a proportionate reduction of any damages found against it based upon the percentage of negligence

attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this case.

Pleading further, and in the affirmative, Defendant Braum's asserts the doctrine of comparative causation as set forth in Chapter 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, which may bar any recovery by Plaintiff, or may in the alternative reduce the amount of recovery by Plaintiff based on the Plaintiff's own percentage of fault.

Pleading further, and in the affirmative, Defendant Braum's asserts that any claim for economic loss, including loss of earnings, earning capacity, or other pecuniary losses, are governed by the limitations and provisions set forth in §18.091 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

Pleading further, and in the affirmative, Defendant Braum's alleges that the injuries and damages alleged by Plaintiff may be due to Plaintiff's own negligence and recklessness in that her failure to exercise ordinary care proximately caused, in whole or in part, the alleged injuries and damages complained of by Plaintiff.  Plaintiff's acts and omissions, whether taken together or separately, may be the sole proximate cause, or a proximate cause of the injuries and damages Plaintiff has alleged in this lawsuit.   Any recovery by Plaintiff is therefore barred, or alternatively should be reduced in accordance with the applicable law.

Pleading further, and in the affirmative, the injuries plead by Plaintiff may have been caused, in whole or in part, by superseding and/or intervening causes, including pre-existing conditions and/or injuries and subsequently occurring injuries and/or conditions that were not Defendant Braum's own creation.

Pleading further, and in the affirmative, Defendant Braum's would show that the alleged occurrence made the basis of this lawsuit was the result of circumstances and/or events that were not of Defendant Braum's own creation.

Pleading further, and the affirmative, Defendant Braum's asserts that the incident complained of in Plaintiff's Original Petition was an unavoidable accident, or in the alternative, it was beyond the reasonable control or foreseeability of Defendant Braum's to prevent.

Pleading further, and in the affirmative, Defendant Braum's alleges Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in §304.101 of the TEXAS FINANCE CODE and §41.007 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

Pleading further, and in the affirmative, Plaintiff failed to mitigate her damages which may have resulted from the occurrence made the basis of this lawsuit.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Braum's respectfully prays that this matter be set for trial, with notice to the Plaintiff, and that upon completion of the trial thereof the Court grant that Plaintiff take nothing by this suit, that Defendant Braum's be discharged without liability, and for such other and further relief, both general and special, both at law and in equity, to which Defendant Braum's may show itself to be justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:        /s/   William F. Allred
       **WILLIAM F. ALLRED**
       Texas Bar No.: 01104550
       Email:  William.Allred@cooperscully.com
       **AMY AGNEW**
       Texas Bar No.: 24048325
       Email:  Amy.Agnew@cooperscully.com

Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Phone: (214) 712-9500
Fax: (214) 712-9540

**ATTORNEYS FOR DEFENDANT
BRAUM'S, INC.**

**CERTIFICATE OF SERVICE**

    A true and correct copy of the foregoing has been forwarded to the following counsel of record this **20th day of April, 2020**, pursuant to the TEXAS RULES OF CIVIL PROCEDURE.

**VIA E-SERVICE**

Jonathan C. Juhan
Javier Cabanillas
Regina C. Bost
985 I-10 North, Suite 100
Beaumont, Texas  77706

        /s/   William F. Allred
        **WILLIAM F. ALLRED**

# EXHIBIT "2"

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **AMANDA CRUZ,** | § | |
| **PLAINTIFF** | § | |
| | § | |
| **V.** | § | **CV:** |
| | § | |
| | § | |
| **BRAUM'S, INC.,** | § | |
| **DEFENDANT** | § | |
| | § | |

---

**DEFENDANT'S INDEX OF STATE COURT AND PARTY INFORMATION**

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**State Court Information:**

| **Court** | **Case Number** |
|---|---|
| 114th Judicial District Court of Smith County, Texas 100 N. Broadway, Room 209 Tyler, Texas 75702 | Cause No. 20-0761-B |

**Style of Case:**

*Amanda Cruz  v. W.H. Braum's, Inc. d/b/a/ Braum's, #266*

**Parties and Counsel:**

**Attorney(s)**

| | |
|---|---|
| Amanda Cruz, Plaintiff | Jonathan C. Juhan<br>Texas Bar No. 11047225<br>jonathanjuhan@sbcglobal.net<br><br>Javier Cabanillas<br>Texas Bar No. 24094234<br>Javier.juhanlaw@gmail.com<br><br>Regina C. Bost<br>Texas Bar No. 24095693<br>Regina.juhanlaw@gmail.com<br><br>Juhan Law<br>985 I-10 N., Suite 100<br>Beaumont, Texas 77706<br>Telephone: (409) 832-8877<br>Facsimile: (409) 924-888) |
| Braum's Inc.,  Defendant | William F. Allred<br>Texas Bar No. 01104550<br>William.Allred@CooperScully.com<br><br>Amy Agnew<br>Texas Bar No. 24048325<br>Amy.Agnew@CooperScully.com<br><br>Cooper & Scully, P.C.<br>900 Jackson, Suite 100<br>Dallas, Texas 75202<br>Telephone:  (214) 712-9500<br>Facsimile:  (214) 712-9540 |

**Jury Demand:**

Was a Jury Demand made in State Court?          [ ] Yes          [ X ] No

If "*Yes*," by which party and on what date?

_____                    _____
Party                                                          Date

INDEX OF STATE COURTR AND PARTY INFORMATION                    PAGE 2
D/1020981v1

Respectfully submitted,

By: _____ /s/  William F. Allred _____

**WILLIAM F. ALLRED**
Texas Bar No.:  01104550
**AMY AGNEW**
Texas Bar No.:  24048325

**COOPER & SCULLY, P.C.**
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Phone:  (214) 712-9500
Fax:  (214) 712-9540

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing was mailed via certified mail, return receipt requested to the following attorney(s) of record on this the 27th day of April, 2020.

Jonathan C. Juhan
Javier Cabanillas
Regina C. Bost
985 I-10 North, Suite 100
Beaumont, Texas  77706

/s/ William F. Allred

_____

**WILLIAM F. ALLRED**

# EXHIBIT "3"

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **AMANDA CRUZ,** | § | |
| **PLAINTIFF** | § | |
| | § | |
| **V.** | § | **CV:** |
| | § | |
| | § | |
| **BRAUM'S, INC.,** | § | |
| **DEFENDANT** | § | |
| | § | |

---

## DEFENDANT'S DISCLOSURE STATEMENT AND CERTIFICATE OF INTERESTED PERSONS

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 7.1, Defendant Braum's, Inc., by and through its undersigned attorneys, states as follows:

1.  Defendant Braum's, Inc. is a citizen of Oklahoma, with its principal place of business located in Oklahoma County, Oklahoma at 3000 N.E. 63rd Street, Oklahoma City, Oklahoma 73121.

Other persons or other legal entities that may be financially interested in the outcome of this matter are:

1.  Amanda Cruz, Individually, Plaintiff
2.  Jonathan C. Juhan,
3.  Javier Cabanillas, and
4.  Regina C. Bost.

Respectfully submitted,


By:_____/s/  William F. Allred_____
        **WILLIAM F. ALLRED**
        Texas Bar No.:  01104550
        **AMY AGNEW**
        Texas Bar No.:  24048325

**COOPER & SCULLY, P.C.**
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Phone:  (214) 712-9500
Fax:  (214) 712-9540

**ATTORNEYS FOR DEFENDANT**


**<u>CERTIFICATE OF SERVICE</u>**

    This is to certify that a true and correct copy of the foregoing was mailed via certified mail, return receipt requested to the following attorney(s) of record on this the 27th day of April, 2020.

    Jonathan C. Juhan
    Javier Cabanillas
    Regina C. Bost
    985 I-10 North, Suite 100
    Beaumont, Texas  77706



        /s/ William F. Allred
        _____
        **WILLIAM F. ALLRED**

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Amanda Cruz | Braum's, Inc. |

| **(b)** County of Residence of First Listed Plaintiff   Jefferson County, Texas | County of Residence of First Listed Defendant   Oklahoma County, OK |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Jonathan C. Juhan, Javier Cabanillas, Regina C. Bost; Juhan Law; 985 1-10 N., Suite 100, Beaumont, Texas 77706, 409-832-8877 | William F. Allred, Amy Agnew, Cooper & Scully, P.C., 900 Jackson Street, Suite 100, Dallas, Texas 75202, 214-712-9500 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question *(U.S. Government Not a Party)*

☒ 2  U.S. Government Defendant

☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | | PTF | DEF |
|---|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original Proceeding

☒ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from Another District *(specify)*

☐ 6  Multidistrict Litigation - Transfer

☐ 8  Multidistrict Litigation - Direct File

| **VI. CAUSE OF ACTION** | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 28 U.S.C. 1332 |
|---|---|
| | Brief description of cause: premises liability/negligence |

| **VII. REQUESTED IN COMPLAINT:** | ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P. | **DEMAND $** | CHECK YES only if demanded in complaint: JURY DEMAND:  ☐ Yes   ☐ No |
|---|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | *(See instructions)* | JUDGE | | DOCKET NUMBER | |
|---|---|---|---|---|---|

| DATE 04/27/2020 | SIGNATURE OF ATTORNEY OF RECORD  /s/ William F. Allred |
|---|---|

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|