20-0761-B

CAUSE NO. _____

| | | |
|---|---|---|
| AMANDA CRUZ, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| W. H. BRAUM, INC. D/B/A BRAUM'S | § | |
| #266 | § | |
| Defendant | § | SMITH COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE,
FIRST REQUEST FOR PRODUCTION, FIRST SET OF INTERROGATORIES,
AND FIRST REQUEST FOR ADMISSIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES AMANDA CRUZ, hereinafter referred to as Plaintiff, complaining

of W. H. BRAUM, INC. D/B/A BRAUM'S #266, hereinafter referred to as Defendant, and

for cause of action would respectfully show unto the Court the following:

## I.
## DISCOVERY CONTROL PLAN

Discovery is intended to be conducted pursuant to a Level 2 Discovery Control Plan

pursuant to TEX. R. CIV. P. Rule 190.1 and Rule 190.3.

## II.
## CLAIM FOR RELIEF

Plaintiff seeks monetary relief over $100,000, but not more than $200,000.

## III.
## PARTIES

Plaintiff is an individual who resides in Jefferson County, Texas. The last three

digits of Plaintiff's driver's license number are unknown at this time, and the last three

digits of her social security number are 258.

Plaintiff's Original Petition, Request for Disclosure, First Request for
Production, First Set of Interrogatories, and First Request for Admissions

Page 1 of 22

Defendant, W. H. BRAUM, INC. D/B/A BRAUM'S #266, is an incorporated business under the laws of the State of Texas. Defendant has its principal place of business in the State of Texas. Defendant may be served with process by serving its registered agent, C. T. Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136.

**SERVICE IS REQUESTED AT THIS TIME.**

### IV.
### JURISDICTION

Jurisdiction is proper in this Court because Plaintiff is entitled to damages in excess of the minimum jurisdiction of this Court.

### V.
### VENUE

Pursuant to Section 15.002(A)(1) of the TEXAS CIVIL PRACTICE & REMEDIES CODE, venue is proper in Hardin County because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

### VI.
### FACTUAL BACKGROUND

Plaintiff, AMANDA CRUZ, brings this suit to recover damages for personal injuries she sustained as a result of an incident which occurred on or about June 8, 2018, at Defendant's premises located at 7101 S. Broadway, Tyler, Smith County, Texas. Said incident was proximately caused by the negligence of Defendant, its agents, servants and/or employees.

On or about June 20, 2018, Plaintiff was an invitee on Defendant's premises located at 7101 S. Broadway, Tyler, Smith County, Texas, having gone there for the purpose of dining. Plaintiff was in the area of the drink dispenser, when she fell due to a large amount

Plaintiff's Original Petition, Request for Disclosure, First Request for
Production, First Set of Interrogatories, and First Request for Admissions

Page 2 of 22

of liquid on the floor. As a result of the fall, Plaintiff sustained severe personal injuries and damages.

Defendant knew or should have known of the unreasonably dangerous condition created by the condition of the pavement in the parking lot, and Defendant neither corrected nor warned Plaintiff of same. Plaintiff did not have knowledge of the dangerous condition and could not have reasonably been expected to discover it prior to this incident. Defendant's creation of the dangerous condition, failure to correct the condition, and/or failure to warn Plaintiff of the condition constituted negligence. Such negligence was a proximate cause of the occurrence in question and of Plaintiff's resulting injuries and damages.

## VII.
## RESPONDEAT SUPERIOR

At all times material hereto, all agents, servants, and/or employees of Defendant, W. H. BRAUM, INC. D/B/A BRAUM'S #266 were acting within the course and scope of employment and/or official duties.

Furthermore, at all times material hereto, all agents, servants, and/or employees of Defendant, W. H. BRAUM, INC. D/B/A BRAUM'S #266 were acting in furtherance of the duties of their office and/or employment.

Therefore, Defendant, W. H. BRAUM, INC. D/B/A BRAUM'S #266 is responsible for all damages resulting from the negligent acts and/or omissions of their agents, servants, and/or employees pursuant to the Doctrine of *Respondeat Superior.*

## VIII.
## NEGLIGENCE

Plaintiff's Original Petition, Request for Disclosure, First Request for Production, First Set of Interrogatories, and First Request for Admissions

Page 3 of 22

Plaintiff alleges that on the occasion in question, Defendant failed to use ordinary care by various acts and omissions in at least the following ways:

a.    Failure to exercise ordinary care in maintaining the premises in a reasonably safe condition;

b.    Failure to protect and safeguard invitees such as Plaintiff from unreasonably unsafe and dangerous conditions;

c.    Failure to exercise reasonable care to reduce or eliminate the risk to invitees such as Plaintiff of the unreasonably unsafe and dangerous conditions, and/or its failure to warn invitees such as Plaintiff of the unreasonably unsafe and dangerous conditions at the time of this incident, including but not limited to the following respects:

    (1)    Defendant negligently caused a dangerous condition to exist in the restaurant in question;
    (2)    Defendant negligently permitted a dangerous condition to exist and/or remain on the restaurant floor in question; and
    (3)    Defendant negligently failed to exercise that degree of care in the maintenance of the restaurant in question as would a person of ordinary prudence under the same or similar circumstances on the occasion in question.

Each and all of the above stated acts and/or omissions constitute negligence and the same are a proximate cause of the injuries and damages sustained by Plaintiff.

At all times relevant to this lawsuit, Defendant knew or in the exercise of ordinary and reasonable care should have known of the dangerous condition of the restaurant floor and of the foreseeable harm that its negligent acts and/or omissions posed to invitees such as Plaintiff. The negligence described herein should be imputed to Defendant because such negligence occurred as a result of the acts and/or omissions of Defendant's employees, agents, servants, representatives, and/or officers and with Defendant's knowledge and/or consent.

## IX.
## DAMAGES

As a direct and proximate result of the negligence and carelessness of the Defendant, and as a direct and proximate result of the above-mentioned incident, Plaintiff, has suffered with severe pain and injury to her neck, shoulder, back, left knee, and left foot. Plaintiff suffered contusions and muscle spasms, muscle guarding, restricted range of motion, and soreness to the body in general. That because of such injuries she has suffered the following:

Plaintiff sustained significant personal injuries and damages, including but not limited to the following:

a. Past and future physical pain and suffering;

b. Past and future mental anguish;

c. Past and future medical expenses;

d. Past and future lost wages;

e. Past and future physical impairment;

f. Past and future physical disfigurement; and

g. Past and future loss of enjoyment of life.

## X.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer and that on final hearing Plaintiff have judgment against Defendant for an amount within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest as provided by law, costs of court and for such other and further relief, at law or in equity to which Plaintiff is justly entitled.

## XI.
## REQUEST FOR DISCLOSURE

Plaintiff's Original Petition, Request for Disclosure, First Request for Production, First Set of Interrogatories, and First Request for Admissions

Page 5 of 22

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 194, you are requested to disclose, within fifty (50) days of service of this request, the information or material described in TEXAS RULE OF CIVIL PROCEDURE 194.2.

## XII.
## FIRST REQUEST FOR PRODUCTION

Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested to produce, within fifty (50) days of service of this request, the following information. Demand is hereby made for supplementation of the Defendant's responses to this Request for Production as required by TEXAS RULE OF CIVIL PROCEDURE 193.5.

DEFINITIONS AND INSTRUCTIONS

For purposes of the following Requests, the following definitions and instructions apply:

"You", "Your" and "Defendant" means and refers to the named Defendant responding to the request, as well as its attorneys, agents, employees, and all other natural persons or business or legal entities acting, or purporting to act, for or on your behalf whether authorized to do so or not.

"Incident in Question" means and refers to the incident described in Plaintiff's Original Petition.

"Location in Question" refers to the parking lot of W. H. BRAUM, INC. d/b/a BRAUM'S #266, located at 7101 S. Broadway, Tyler, Texas 75703.

"Document" means and includes writings of every type and from any source, including originals and non-identical copies thereof, that are in your possession, custody, or control or known by you to exist. This would include documents sent outside your organization to any source as well as documents intended for internal use.

The term also includes communications not only in words, but in symbols, pictures, sound recordings, film, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

Plaintiff's Original Petition, Request for Disclosure, First Request for
Production, First Set of Interrogatories, and First Request for Admissions

Page 6 of 22

The term includes, but is not limited to: calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

"Custodian" means the person or entity with care, custody, control of the item or document that is subject of inquiry. A request to identify the custodian of any item or document is a request to provide the name, address and telephone number of said custodian.

"Photograph" means and includes any motion picture, still picture, transparency, videotape, drawing, sketch, electronic image, negatives or any other recording of any non-verbal communication in tangible form.

You are not asked to divulge or provide any information or documents which are privileged in nature. However, for each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim or privilege or other ground for exclusion.

If a requested document once was but is no longer in the possession, custody or control of Defendant or any of its representatives, state what disposition was made of such document.

If any of these requests cannot be responded to in full, please respond to the extent possible, specifying the reason for Defendant's inability to fully respond, and stating whatever information or knowledge Defendant has concerning the portion to which Defendant cannot fully respond.

Pursuant to *Overall v. Southwestern McLennan Yellow Pages*, a party is required to send the documents to the requesting party along with a copy of the response. Unless there are thousands of documents, a party is not permitted to merely make documents available at a specific location. 869 S.W.2d 629 (Tex. App.–Houston [14th Dist.] 1994).

## REQUESTS FOR PRODUCTION

1.  Any and all photographs or other electronic images that contain images of the underlying facts or that Defendant intends to offer into evidence at trial.

Plaintiff's Original Petition, Request for Disclosure, First Request for
Production, First Set of Interrogatories, and First Request for Admissions

Page 7 of 22

2.    Any and all photographs, movies, videotapes or other visual reproductions that Defendant has of the parties, persons with knowledge of relevant facts, the facilities, mechanisms or items involved, or scene of the Incident in Question.

3.    All published documents, treatises, periodicals or pamphlets on the subject of medicine, any engineering field, and any other area of scientific study that you claim to be a reliable authority which may be used by you at trial.

4.    All published documents, treatises, periodicals or pamphlets on the subject of medicine, any engineering field, and any other area of scientific study that any testifying expert claims to be a reliable authority which may be used by you at trial.

5.    All published documents, treatises, periodicals or pamphlets on the subject of medicine, any engineering field, and any other area of scientific study that any testifying expert has relied, or will rely, upon to support their opinions and mental impressions.

6.    All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.

7.    All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards that any of your testifying experts have relied, or will rely, upon to support their opinions and mental impressions.

8.    All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards that any of your testifying experts claim to be reliable authority which may be used at the time of trial.

9.    Copies of any and all statements made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by Plaintiff and any stenographic, mechanical, electrical or other type of recording or any transcription thereof.

10.   Any written, taped or mechanically reproduced statement made of any Defendant or Plaintiff.

11.   Any and all drawings, surveys, plats, maps or sketches of the scene of the Incident in Question.

12.   Any document, photograph, or other physical evidence that will be used or offered at trial.

Plaintiff's Original Petition, Request for Disclosure, First Request for Production, First Set of Interrogatories, and First Request for Admissions

Page 8 of 22

13. All documents and tangible things (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, and data compilations) that constitute or contain matters relevant to the subject matter of the action.

14. The entire claim and investigation file, including but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the Incident in Question generated or obtained by Defendant, Defendant's agents, or Defendant's insurers in the ordinary course of business.

15. The entire claim and investigation file, including but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the Incident in Question generated or obtained by Defendant, Defendant's agents, or Defendant's insurers before Plaintiff filed Plaintiff's Original Petition with the court.

16. A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the Incident in Question including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you.

17. Any documents, videotapes, recordings, reports, photographs, or other written records pertaining to any investigation of the Incident in Question.

18. All documents regarding all other claims whether made in the past or being currently made against Defendant or Defendant's insurance policies at the Location in Question.

19. Any and all settlement agreements, deals, contracts, understandings, "Mary Carter" agreements, or compromises between you or your representatives and any other party, potential party, or potential third party defendant to this suit or its representatives, agents, or insurers regarding any compromise, settlement, apportionment of liability or financial responsibility, contingent or otherwise, or alignment of the parties on any issue with respect to:

    a. The Incident in Question;
    b. Plaintiff's damages;
    c. The presentation of any testimony;
    d. Whether or how to conduct any cross-examination;
    e. The performance of discovery; and/or
    f. The presentation of any defense, excuse, or inferential rebuttal.

20. Copies of any document or statement that any witness of Defendant will use or you anticipate may use to refresh his or her memory, either for deposition or trial.

Plaintiff's Original Petition, Request for Disclosure, First Request for Production, First Set of Interrogatories, and First Request for Admissions

Page 9 of 22

21. Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you intend to offer into evidence at trial.

22. Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you do not intend to offer into evidence at the trial of this case, but which may be used as demonstrative evidence at trial.

23. Any information relating to any arrest or conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge of relevant facts named in discovery information provided by or to you before trial. Please include the name of the person convicted, the offense for which he or she was arrested or convicted, the year of such arrest or conviction, the court of such conviction, and the disposition of the case or allegation.

24. All documents regarding Plaintiff's medical status, treatment or history obtained, created, or possessed by Defendant.

25. All documents regarding Plaintiff's financial status, earnings history, and tax payment history obtained by Defendant via an authorization signed by Plaintiff, subpoena, deposition on written questions, or otherwise.

26. All documents regarding Plaintiff's claims history obtained by Defendant via an authorization signed by Plaintiff, subpoena, deposition on written questions, or otherwise.

27. All documents, records, reports, notations, or memoranda regarding Plaintiff from persons or entities that compile claim information, to include but not limited to, insurance claims, unemployment claims, social security claims, and worker's compensation claims.

28. All statements or documents that show the identity of any witness to the Incident in Question, or any person with knowledge of relevant facts concerning the Incident in Question, the events leading up to it, or any damage sustained by Plaintiff.

29. All documents and tangible things which support your contention that:

   a. Any act or omission on the part of Plaintiff caused or contributed to the Incident in Question;
   b. Any factor, other than a. above, contributed to or was the sole cause of the Incident in Question, including but not limited to, acts or omissions negligence of any other party or parties, or potential third-party Defendants;
   c. Any factor caused or contributed to the Plaintiff's damages, including but not limited to, pre-existing or subsequently existing physical or medical condition or conditions of Plaintiff;

d.    Any or all of the medical expenses incurred by Plaintiff for treatment of injuries allegedly resulting from the Incident in Question were not reasonable and/or necessary;

    e.    Plaintiff's injuries were not the result of or caused by the Incident in Question.

30.    The architectural plans and drawings for the Location in Question, or any changes thereto.

31.    Any contracts between the owner and/or former owners and contractor who constructed the Location in Question.

32.    Any contract between the owner and any other person or entity responsible for caring for, maintaining or cleaning the premises at the time of Plaintiff's injuries.

33.    Any contracts between the owner and the manager or managing entity at the time of the Plaintiff's injury, and for the year immediately preceding the Incident in Question.

34.    All documents evidencing ownership, occupancy rights, or rights to control the condition of the interior of Defendant at 7101 S. Broadway, Tyler, Texas, for the time of the Incident in Question.

35.    A copy of any legal documents that evidence Defendant's status as a corporation, partnership, sole proprietorship or joint venture.

36.    Any joint venture agreement between the parties or between any party to this suit and any non-party regarding the ownership, operation, repair, maintenance, cleaning or other service of or for the Premises in Question.

37.    Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, inspection, repair, cleaning and service of the Premises in Question that were in existence at the time of the Incident in Question.

38.    Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, inspection, repair, cleaning and service of the Premises in Question that are in existence currently.

39.    Any and all photographs that Defendant has of any equipment, item, or movable property that was at the Location in Question on the date of the Incident in Question, but has since been relocated or removed.

40.    Personnel files or any other documents reflecting the name, address, and/or phone number of all Defendant's employees, independent contractors, agents, or

representatives working at 7101 S. Broadway, Tyler, Texas, on the date of the Incident in Question.

41. Any documents regarding maintenance of the Premises in Question from six months before the Incident in Question through the day of the Incident in Question.

42. Any documents regarding inspections of the Premises in Question from six months before the Incident in Question through the day of the Incident in Question.

43. Any documents or plans indicating subsequent remedial measures anticipated or undertaken at the Location in Question since the Incident in Question.

44. All documents indicating the charges or costs for subsequent remedial measures anticipated or undertaken at the Location in Question since the Incident in Question.

45. All documents, reports, videotapes, photographs, or statements regarding any other incident involving injury to another from tripping or slipping and falling at the Location in Question from seven years before the Incident in Question to present.

46. All documents, reports, videotapes, photographs, or statements regarding any other incident involving injury to another from tripping or slipping and falling at 7101 S. Broadway, Tyler, Texas from seven years before the Incident in Question to present.

## XIII.
## FIRST SET OF INTERROGATORIES

Pursuant to Rule 197 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested

to answer, within fifty (50) days of service of this request, the following Interrogatories.

### PRELIMINARY STATEMENT

1. The following interrogatories are to be answered separately and fully, by furnishing all information in your possession, custody or control, including all information to which you have a superior right to compel from a third party, such as your agent, authority, or representative.

2. You are to answer the interrogatories under oath. Your attorney in this case is not allowed to sign or swear to the answers you have made to the interrogatories.

3. You and your attorney are under a duty to supplement your answers to these interrogatories by amending your answers if you obtain information upon the basis of which you know that the answer was incorrect when made or you know that the answer is no longer true, even though it was correct when made.

Plaintiff's Original Petition, Request for Disclosure, First Request for Production, First Set of Interrogatories, and First Request for Admissions

Page 12 of 22

4. Whenever an interrogatory requests the identification of a document or documents, please set forth where the document exists, the name and address of its custodian, a description of its contents, including its author, date, and addresses, the number of pages it contains, and all attachments to the original document.

5. If the answer to any interrogatory may be derived or ascertained from your business records, and the burden of deriving the answer would be substantially the same for Plaintiff and you, you may specify the records from which the answer may be obtained.

## TABLE OF DEFINITIONS

Plaintiff sets forth the following definitions or abbreviations of various words and phrases that are contained in the Interrogatories. Plaintiff provides the following definitions and abbreviations for the purpose of clarifying the meaning of various words and phrases contained herein in order to expedite discovery, i.e., (1) to help the Defendant fully and accurately understand the objectives of Plaintiff's discovery efforts and (2) to simplify and assist the Plaintiff in her efforts to locate and furnish the relevant information and documents. It is expressly stipulated and agreed by the Plaintiff that an affirmative response on the part of the Defendants will not be construed as an admission that any definition or abbreviation contained hereto is either factually correct or legally binding on the Defendants.

**A. "YOU", "YOUR", OR "DEFENDANT"** means and refers to the named Defendant responding to the interrogatory, as well as its attorneys, agents, employees, and all other natural persons or business or legal entities acting, or purporting to act, for or on your behalf whether authorized to do so or not.

**B. MULTIPLE PART ANSWERS:** Where an individual interrogatory calls for an answer which involves more than one part or subpart, each part of the answer should be set forth separately so that it is clearly understandable and responsive to the respective interrogatory or subpart thereof.

**C. WRITING OR WRITTEN:** The term "writing" or "written" are intended to include, but not necessarily be limited to the following: hand-writing, type-writing, computer printouts, printing, photograph, and every other means of recording upon any tangible thing or any form of communication, including letters, words, pictures, sounds or symbols or combinations thereof; and they further include any oral communication later reduced to writing or confirmed by a letter.

**D. DOCUMENT(S):** The term "documents" shall mean writings of every type and from any source, including originals and non-identical copies thereof, that are in your possession, custody, or control or known by you to exist. This would include documents sent outside your organization to any source as well as documents intended for internal use.

The term also includes communications not only in words, but also in symbols, pictures, sound recordings, film, tapes and information stored in, or accessible through,

Plaintiff's Original Petition, Request for Disclosure, First Request for Production, First Set of Interrogatories, and First Request for Admissions

Page 13 of 22

computer or other information storage or retrieval systems. If the information is kept in a computer or informational retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

The term includes, but is not limited to: calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

**E. PERSON:** "Person" as used herein means an individual, corporation, partnership, association, trust, governmental entity, and any otherwise described entity.

**F. PERSON(S) IDENTITY:** When an interrogatory requests that you identify a person please state:

1. His or her full name;
2. His or her present or last known address;
3. His or her present employers name and address; and
4. His or her occupational position or classification.

**G. "IDENTIFY" or "IDENTIFICATION":**

1. As to a person: When used in reference to a person or individual, the terms "identify" or "identification" mean to state his/her full name, address, and telephone number.
2. As to an entity: The terms "identify" or "identification" when used in reference to an entity such as a corporation, partnership or association, mean to state the name of the entity, its business address, telephone number, and name of its chief executive officer and the agent for service of process.
3. As to a document: When used in reference to a document, the terms "identify" or "identification" shall include the following:
   a. The title, heading or caption of such document.
   b. The date appearing on such document; or if no date appears, the approximate date on which the document was prepared.
   c. A general description of the document.
   d. The name of the person who signed the document or statement that it was unsigned.
   e. Name of the person or persons who prepared the document.
   f. Name of the person or persons to whom the document was

Plaintiff's Original Petition, Request for Disclosure, First Request for Production, First Set of Interrogatories, and First Request for Admissions

Page 14 of 22

addressed and to whom the document was sent.

    g.    The physical location of the document.

4.    As to a statement: When used in reference to a statement, the terms "identify" or "identification" shall include who made the statement, who took or recorded it, and all others, if any, present during the making thereof; to state when, where and how it was taken or recorded, and to identify who was present or last known possession, custody or control thereof.

5.    To any other tangible thing: When used in reference to any other tangible thing, the terms "identify" or "identification" mean to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody or control thereof.

**H. INCIDENT IN QUESTION:** The term "incident" or "incident in question" or similar reference as used herein refers to the incident or incident in Question described in the Plaintiff's Original Petition, unless otherwise defined herein, and which forms the subject matter in this suit.

**I. "LOCATION IN QUESTION"** refers to the parking lot of W. H. BRAUM, INC. d/b/a BRAUM'S #266, located at 7101 S. Broadway, Tyler, Texas.

**J. "STATEMENTS"** includes any written or graphic statement signed or otherwise adopted or approved by the person making it and any stenographic, mechanical, electrical, or other recordings, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

## INTERROGATORIES

1.    Please state the full name, address, job title and employer of each person answering and assisting in answering these Interrogatories.

ANSWER:

2.    State the name and address of the person or entity who owned, was in possession or exclusive possession and/or control of the Location in Question at the time of the Incident in Question.

ANSWER:

3.    Please identify all experts who may be called as a witness in this case or whose work product formed the basis, either in whole or part, of the opinions of any experts who may be called as a witness. With respect to each such expert, specify the following:

Plaintiff's Original Petition, Request for Disclosure, First Request for Production, First Set of Interrogatories, and First Request for Admissions

Page 15 of 22

a. The subject matter upon which the witness is expected to testify including his/her impressions and opinions;
b. All facts know to the expert which relate or form the basis of the expert's mental impressions or opinions; and
c. All documents, communications, and other tangible things used by, prepared by, prepared for, or furnished an expert in anticipation of the expert's trial or deposition testimony, including all tests and calculations done by the expert or reviewed by him/her, whether or not such tests or calculations form the basis of his/her opinion.

ANSWER:

5. If you, or anyone acting on your behalf, know of any oral, written or recorded admission or any type by the Plaintiff pertaining to this suit, please identify the nature of each admission, the content of each admission, whether it was oral, written or recorded, the circumstances under which each was made, the name, address and telephone number of each person who was present when each was made, the date and location of each admission, and who has possession of each written or recorded admission.

ANSWER:

6. Please state the contents of any settlement, contribution, or indemnity agreement made with any other person or entity as a result of the incident made the basis of this suit, including the names of the parties involved and the details of each agreement, including the amount.

ANSWER:

7. Prior to the present case, please state the name and address of each person who has ever sued you or has ever written or caused another to write any letter threatening to sue you for incidents or events involving Defendant's store located at 7101 S. Broadway, Tyler, Texas. With respect to prior lawsuits or threats of a lawsuit, specify the following:

a. The nature of the lawsuit or threatened lawsuit;
b. The name of any attorney who represented you and any other person in the lawsuit(s);
c. The name of any and all experts hired;
d. The name of any and all employees, past or present, who have given a deposition, including the date(s) of deposition;
e. The final disposition of each suit or threatened suit; and
f. State the style, cause number, and court of each suit filed.

ANSWER:

8.  Please describe in detail any previous and/or subsequent incidents of which Defendant is aware which occurred in substantially the same way as the Plaintiff's incident or in the same or nearby location.

    ANSWER:

9.  Please describe in detail any changes made by the Defendant, employees, or agents, in the physical site of the incident before and after the occurrence in question. If the Defendant corrected, repaired or fixed the condition of the restaurant floor, please state what the cost of repair was, the date the repairs were done, and the name, address and telephone number of the person or firm carrying out such repair work.

    ANSWER:

10. If Defendant, Defendant's corporate representative, employee or agent has given a statement to anyone other than Defendant's attorney with respect to the occurrence in question, please state the name, address and telephone number of the person to whom such statement was given, the date on which the statement was given, the substance of such statement and whether such statement was a written or an oral statement.

    ANSWER:

11. Was it a regular course of business of the Defendant to conduct a post-incident investigation into an incident of this sort or to complete an incident report, whether or not litigation was anticipated? If so, state whether an investigation was conducted, the date(s), full descriptions of the investigation(s), who conducted the investigation(s) or completed the incident report, the findings or conclusions of the investigation(s), and where such investigative or incident reports are now located. If you are claiming privilege as to any investigation based on its allegedly being done in anticipation of litigation, describe specifically what you are relying on to establish that you had reason to believe the litigation would ensue, including what overt acts or statements were made by Plaintiff or someone acting on behalf of the Plaintiff.

    ANSWER:

12. Do you contend that the Plaintiff has done anything or failed to do anything that constitutes a failure to mitigate damages? If so, please describe the basis of your contention and what evidence exists to support same.

    ANSWER:

13. If you have alleged that someone else's conduct or some other condition, disease, injury or event was the "sole proximate cause" of the incident in question, describe

in detail the identity of such other person, event or condition, be it pre-existing or subsequent disease or injury.

ANSWER:

14. What is Defendant's contention as to the Plaintiff's legal status on the premises at the time of the Incident in Question, that is whether Plaintiff was a business invitee, licensee or trespasser? If you contend that Plaintiff was not a business invitee at the time of the Incident in Question, please state and describe each fact, document or thing on which you base such a contention.

ANSWER:

15. Please state whether the Defendant was aware of the condition of the restaurant floor and what efforts Defendant made to warn of the condition which the Plaintiff alleges to be the cause of the Incident in Question.

ANSWER:

16. What is the Defendant's contention as to Plaintiff's knowledge prior to the Incident in Question, objective or subjective, of the condition which Plaintiff alleges to be the cause of the Incident in Question.

ANSWER:

17. State the name, address, and telephone number of all persons who were responsible for managing the condition of Defendant's facility located at 7101 S. Broadway, Tyler, Texas, prior to the incident made the basis of this lawsuit.

18. State the name, address, and telephone number of all persons who were responsible for managing the condition of the Location in Question, prior to the incident made the basis of this lawsuit.

19. Please state the name, job title, address and telephone number of each employee and/or agent on duty at the facility located at 7101 S. Broadway, Tyler, Texas at the time of the incident made the basis of this lawsuit. Please also indicate whether or not said employee is currently employed by you.

ANSWER:

20. Please identify all devices at the Location in Question available to be used to warn people of conditions such as the condition made the basis of this suit, where such devices were stored, who had access to such devices, and which were used to warn Plaintiff of the condition at the Location in Question on June 20, 2018. If no such devices were used to warn Plaintiff, then please state why such devices were not used.

ANSWER:

## XIV.
## REQUEST FOR ADMISSIONS

Pursuant to Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested to answer, within fifty (50) days of service of this request, the following Requests for Admissions.

### TABLE OF DEFINITIONS

For purposes of the following Requests, the following definitions apply:

"You", "Your" and "Defendant" means and refers to the named Defendant responding to the request, as well as its attorneys, agents, employees, and all other natural persons or business or legal entities acting, or purporting to act, for or on your behalf whether authorized to do so or not.

"Incident in Question" means and refers to the incident described in Plaintiff's Original Petition.

"Location in Question" refers to the parking lot area to W. H. BRAUM, INC. d/b/a BRAUM'S #266, at 7101 S. Broadway, Tyler, Texas.

### REQUESTS

1. Admit that the Incident in Question occurred on June 20, 2018, in Tyler, Smith County, Texas.

2. Admit that Plaintiff fell at the Location in Question on June 20, 2018, in Tyler, Smith County, Texas.

3. Admit that you owned the Location in Question on June 20, 2018.

4. Admit that you had the right to occupy the Location in Question on June 20, 2018.

5. Admit that you had the right to control the Location in Question on June 20, 2018.

6. Admit that you had the ability to manage, direct, superintend, restrict, regulate, govern, administer, or oversee the Location in Question on June 20, 2018.

7. Admit that you owned the parking lot at 7101 S. Broadway, Tyler, Texas, on June 20, 2018.

Plaintiff's Original Petition, Request for Disclosure, First Request for Production, First Set of Interrogatories, and First Request for Admissions

Page 19 of 22

8. Admit that you had the right to occupy the facilities 7101 S. Broadway, Tyler, Texas, on June 20, 2018.

9. Admit that you had the right to control the facilities at 7101 S. Broadway, Tyler, Texas, on June 20, 2018.

10. Admit that you had the ability to manage, direct, superintend, restrict, regulate, govern, administer, or oversee the facilities at 7101 S. Broadway, Tyler, Texas, on June 20, 2018.

11. Admit that you have been properly named.

12. Admit that you performed an investigation as a result of the Incident in Question.

13. Admit that you were conducting video surveillance at 7101 S. Broadway, Tyler, Texas, on June 8, 2018.

14. Admit that you were conducting video surveillance of the Location in Question on June 20, 2018.

15. Admit that you had videotape of Plaintiff.

16. Admit that you still have videotape of Plaintiff.

17. Admit that you destroyed videotape of Plaintiff.

18. Admit that you lost videotape of Plaintiff.

19. Admit that Plaintiff was your business patron at the time of the Incident in Question.

20. Admit that Plaintiff was an invitee on your premises at the time of the Incident in Question.

21. Admit that Plaintiff fell due to puddled water on the floor at the Location in Question on June 20, 2018.

22. Admit that uneven parking lot at the Location in Question, on June 20, 2018, was in unreasonable condition.

23. Admit that you were aware of the wet floor at the Location in Question before the Incident in Question.

24. Admit that you should have been aware of the wet floor at the Location in Question before the Incident in Question.

Plaintiff's Original Petition, Request for Disclosure, First Request for Production, First Set of Interrogatories, and First Request for Admissions

Page 20 of 22

25.   Admit that you were aware of the condition of the Location in Question before the Incident in Question.

26.   Admit that you should have been aware of the condition of the Location in Question before the Incident in Question.

27.   Admit that Defendant was aware that pedestrians would make use of the customer area of the Location in Question.

28.   Admit that Defendant was aware that the invitees making use of the restaurant at the Location in Question would include the elderly, infirm, and/or disabled.

29.   Admit that Plaintiff suffered personal injuries as a direct result of the Incident in Question.

30.   Admit that Plaintiff has incurred medical expenses as a result of the Incident in Question.

31.   Admit that you provided Plaintiff with medical care and/or treatment as a result of the Incident in Question.

32.   Admit that you have records and bills stemming from the medical care and/or treatment provided to Plaintiff as a result of the Incident in Question.

33.   Admit that Plaintiff will require future medical care for the personal injuries sustained as a result of the Incident in Question.

34.   Admit that Plaintiff has experienced pain and suffering as a result of the Incident in Question.

35.   Admit that Plaintiff will experience future pain and suffering as a result of the Incident in Question.

36.   Admit that Plaintiff has experienced physical disfigurement in the past as a result of the Incident in Question

37.   Admit that Plaintiff will experience physical disfigurement in the future as a result of the Incident in Question.

38.   Admit that Plaintiff suffered physical impairment in the past as a result of the Incident in Question.

39.   Admit that Plaintiff will suffer physical impairment in the future as a result of the Incident in Question.

40. Admit that Plaintiff will sustain a loss of earning capacity in the future as a result of the Incident in Question.

41. Admit that your negligence was a proximate cause of the Incident in Question.

42. Admit that the Incident in Question would not have occurred if uneven pavement at the Location in Question had not been present on June 20, 2018.

43. Admit that the Incident in Question would not have occurred if the parking lot at the Location in Question were in a safe condition.

44. Admit that your negligence resulted in Plaintiff's personal injuries, pain and suffering, and incurred medical expenses.

Respectfully Submitted,

BY: /s/JONATHAN C. JUHAN
JONATHAN C. JUHAN
SBN: 11047225
jonathanjuhan@sbcglobal.net
Javier Cabanillas
SBN: 24094234
javier.juhanlaw@gmail.com
Regina C. Bost
SBN: 24095693
regina.juhanlaw@gmail.com
Attorneys for Plaintiff
985 I-10 North, Ste. 100
Beaumont, TX 77706
409/832-8877 - Telephone
409/924-8880 - Facsimile