UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:20-cv-00217

**Amanda Cruz,**
*Plaintiff,*

v.

**Braum's, Inc.,**
*Defendant.*

### ORDER

Before the court is defendant Braum's Inc.'s motion for summary judgment. Doc. 13. Plaintiff brought this suit after she fell in one of defendant's stores. *See* Doc. 1 at 2-3. Plaintiff's complaint raises theories of premises liability and negligent action. Defendant's motion for summary judgment is based on a lack of evidence going towards the condition of the premises and whether defendant breached any duty of care to warn plaintiff. Doc. 13 at 6. For the following reasons, the court **grants** defendant's motion.

### Background

On June 8, 2018, plaintiff entered defendant's store in Tyler, Texas. Doc. 2 at 2. Plaintiff claims that she was near a drink dispenser when she fell "due to a large amount of liquid on the floor." *Id.* at 2-3. She asserts that she was never warned about any condition on the floor. *See id.* at 3. As a result of the fall, plaintiff filed this case in Texas state court. *See id.* Defendant filed a notice of removal in this court on April 27, 2020. Doc. 1.

Over the course of this case, defendant has produced exhibits appearing to show that a yellow wet floor sign was placed next to the drink station. *See* Doc. 13, Exhs. C, D, E. At her deposition, plaintiff agreed that her view of the yellow sign was not obstructed. *See* Doc. 13, Exh. B 27:17-20; 28:2-4.

She also indicated that she did not know what caused her to slip:

> Q: Were your clothes wet after you slipped?
>
> A: After I slipped, I didn't—I didn't pay attention if it was wet or not. I was embarrassed and I wanted to get up.
>
> Q: Did you see any—any, like, wet substance on the floor prior to the incident?
>
> A: Not walking up, I didn't.
>
> . . .
>
> Q: So do you know what you actually slipped and fell on?
>
> A: No, ma'am.

*Id.* at 30:19-25, 31:17-19. Later, in the same deposition, plaintiff reiterated that she did not see any "wet substance or water on the floor prior to [her] fall." *Id.* at 52:8-11.

## Standards

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party must either (1) submit summary judgment evidence that negates the existence of a material element of plaintiff's claim or (2) show that there is no evidence to support an essential element of a plaintiff's claim. *Id.* at 322-25.

Texas state law recognizes negligent-activity and premises-defect claims as two independent theories of negligence.[1] *See Gen. Elec. Co. v. Mortiz*, 257 S.W.3d 211, 214-15 (Tex. 2008). Although "[t]he lines between negligent activity and premises liability are sometimes unclear," the Texas Supreme Court recognizes a distinction between these two claims, explaining that "negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010). "If the injury was caused by a condition created by the activity rather than the activity itself, a plaintiff is limited to a premises defect theory of liability." *Garcia v. Ross Stores, Inc.*, 896 F. Supp. 2d 575, 579 (S.D. Tex. 2012). So, for example, if a clothing store's customer slipped on a rogue hanger, the resulting lawsuit would sound in premises liability and not in negligent activity. *See id.*

To maintain a premise-liability claim, plaintiff must demonstrate:

(1) a condition of the premises created an unreasonable risk of harm to the invitee;

(2) the owner knew or reasonably should have known of the condition;

(3) the owner failed to exercise ordinary care to protect the invitee from danger; and

(4) the owner's failure was a proximate cause of injury to the invitee.

*Fort Brown Villas III Condo. Ass'n v. Gillenwater*, 285 S.W.3d 879, 883 (Tex. 2009). A condition poses an unreasonable risk of

---

[1] When jurisdiction is based on diversity, the substantive law of the forum state applies. *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)). Therefore, because the court's subject matter in this case is based on diversity jurisdiction, the court applies Texas substantive law. *See id.*

harm when there is a "sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen." *Hall v. Sonic Drive-In of Angleton, Inc.*, 177 S.W.3d 636, 646 (Tex. App. 2005) (cleaned up).

### Analysis

The court grants defendant's motion on the basis that this case is a premises-liability claim rather than a negligent-activity claim. "The Texas Supreme Court has recognized that negligent activity claims and premises liability claims involve two independent theories of recovery that fall within the scope of negligence." *Garcia*, 896 F. Supp. 2d at 579 (citing *Moritz*, 257 S.W.3d at 214-15, among others). Plaintiff brought both theories in her complaint, but she has not provided any rationale for treating this case as a negligent-activity claim.

Plaintiff cannot maintain a negligent-activity claim on these facts because there are no allegations of "affirmative, contemporaneous conduct by the owner that caused the injury." *See id.* (citing *Del Lago*, 307 S.W.3d at 776). Because nothing in the record suggests that plaintiff was contemporaneously injured by the actions of defendant's employees, the court examines the motion for summary judgment under a premises-liability theory. *See id.* (reaching the same conclusion on similar facts after consulting the leading Texas state law decisions).[2]

Defendant's motion first focuses on a lack of proof going to the first element of plaintiff's claim—a condition on the premises that created an unreasonable risk of harm to plaintiff. *Gillenwater*, 285 S.W.3d at 883. Defendant argues that "Plaintiff cannot identify any condition on the floor prior to her slipping and falling . . . . She also cannot identify what she

---

[2] Although plaintiff mentioned that there was a Braum's employee "wiping down the counters," Doc. 19 at 1, plaintiff never clearly alleged that water from this cleaning activity made its way onto the floor. *See id.* at 5 ("The wet substance could have been water or an awful Sprite Zero for all Plaintiff knew.").

- 4 -

slipped on." Doc. 13 at 6. Defendant relies on plaintiff's deposition and what it describes as a lack of any summary judgment evidence presented by the plaintiff. *See id.* at 6-7. Defendant also cites to several Texas state court cases where a similar evidentiary showing was insufficient to survive summary judgment. *See id.* at 6-8. In response, plaintiff provided no case law supporting her position nor did she distinguish any of the state law cases discussed by the plaintiff.

In *Shoemaker v. Kohl's Department Stores, Inc.*, the plaintiff went to the Kohl's customer service department to change the address on her credit card account. 2017 WL 1192797, at *2 (Tex. App. 2017). She waited there in a chair provided by Kohl's while calling customer service on her phone for several minutes. *See id.* The *Shoemaker* plaintiff alleged that her chair then slipped out from under her, causing her to land on the floor. *See id.* In the resulting litigation, the *Shoemaker* plaintiff contended that the concrete floor was "very shiny," and she attributed part of her fall to the "slick floor." *Id.* The Dallas Court of Appeals nonetheless found that she had failed to present sufficient evidence to survive summary judgment. *See id.* at 3-4. The failure to present evidence of a foreign substance on the floor that contributed to her fall was dispositive. *See id.* at 4 ("Given the absence of evidence suggesting the presence of a foreign substance, this was insufficient to create a fact issue to defeat Kohl's no-evidence summary judgment motion.").[3]

Like the plaintiff in *Shoemaker*, plaintiff has provided no evidence going towards the presence of a dangerous condition on defendant's floor. To the contrary, plaintiff's

---

[3] *Shoemaker* is just one of several cases referenced by the plaintiffs. *See, e.g., Hatamieh v. Kroger Texas, L.P.*, No. 3:16-CV-1599-B, 2018 WL 1014158 *2 (N.D. Tex. 2015); *Thoreson v. Thompson*, 431 S.W.2d 341, 344 (Tex. 1968) ("[W]here common knowledge will not suffice, plaintiff must establish the degree of risk by competent evidence."). These cases demonstrate that a plaintiff must provide *some* evidence or a factual basis on the first prong to survive summary judgment.

deposition testimony demonstrates that she has no idea what might have been on the floor. *See* Doc. 13, Exh. B at 30:19-25, 31:17-19, 52:8-11 (plaintiff affirming that she did not see any "wet substance or water on the floor prior to [her] fall."). In her response, the plaintiff argues that her fall demonstrates that the floor was wet. *See* Doc. 19 at 5. This argument is foreclosed by the Texas Supreme Court, which has held that "the fact an accident happens is no evidence that there was an unreasonable risk of such an occurrence; because almost any activity involves some risk of harm." *Thoreson*, 431 S.W.2d at 344 (citations omitted). Even drawing all reasonable inference in plaintiff's favor, she has failed to provide any evidence to support an essential element of her claim. *See Celotex*, 477 U.S. at 323-25.

In the alternative, the yellow floor signing reading "CAUTION" near the incident provided adequate warning to the plaintiff of any risk arising from any dangerous condition. *See* Doc. 13, Exhs. C, D, and E. The duty to use ordinary care encompasses two methods of making a dangerous condition reasonably safe: either by warning of the danger or by eliminating the danger. *State v. Williams*, 940 S.W.2d 583, 584 (Tex. 1996). Here, defendant alleviated any liability arising from the alleged dangerous condition by warning plaintiff. She walked right by the yellow sign prior to her accident, and thus either was aware, or should have been aware, of the dangerous condition. *See* Doc. 13, Exh. B at 27:7-9, 27:17-20, and 28:2-4. Contrary to the arguments of the plaintiff, the record demonstrates that the sign was not obstructed. Therefore, defendant has submitted summary judgment evidence that negates the existence of a material element of plaintiff's claim. *See Celotex*, 477 U.S. at 323-25.

## Conclusion

For these reasons, defendant's motion for summary judgment (Doc. 13) is **granted**. All pending motions are denied as **moot** and plaintiff's case is **dismissed**.

*So ordered by the court on March 16, 2021.*

J. CAMPBELL BARKER
United States District Judge